**SO ORDERED.**

**SIGNED this 13 day of July, 2011.**



_____
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| FRANKLIN CHARLES WEFALD | 10-08068-8-SWH |
| DEBTOR | |
| ERIC JANIS | |
| Plaintiff, | ADVERSARY PROCEEDING NO. |
| vs. | 10-00266-8-SWH |
| FRANKLIN CHARLES WEFALD and MILLENNIA CARDIOVASCULAR, P.A. | |
| Defendants. | |

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

The matter before the court is the plaintiff's motion for judgment on the pleadings pursuant

to Rule 12(c) of the Federal Rules of Civil Procedure made applicable by Rule 7012(b) of the

Federal Rules of Bankruptcy Procedure with regard to defendants' counterclaims.[1]  A hearing took place in Raleigh, North Carolina, on May 31, 2011.

## Jurisdiction

This bankruptcy court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.  This is a core proceeding within the meaning of 28 U.S.C § 157(b)(2)(c).[2]

## Background

Dr. Franklin Charles Wefald filed a petition for relief under chapter 11 of the Bankruptcy Code on October 3, 2010.  On October 20, 2010, Dr. Eric Janis filed the complaint in this adversary proceeding seeking to recover damages for alleged defamatory comments made by Wefald.  Wefald filed an answer and various counterclaims on December 13, 2010, to which Janis filed a responsive pleading on January 3, 2011, followed by the present motion for judgment on the pleadings on March 25, 2011.

---

[1] The plaintiff also moves to dismiss for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding by Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure.  Pursuant to the Federal Rules of Civil Procedure 12(b), a "motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b)(6). Because the plaintiff filed this motion after filing an answer to the counterclaim, the court will proceed under Rule 12(c).  This technical distinction will make no difference to the court's ruling, however, given that the substantive standard applied under 12(c) and 12(b)(6) is the same.

[2] Inasmuch as the court will deny judgment on the pleadings as to some of the claims forming the subject of Janis' motion, and therefore no final judgment is being entered, the analysis and conclusions set forth in Stern v. Marshall, ___ S. Ct. ___, 2011 WL 2472792 (U.S.) are inapplicable.

Wefald's counterclaims allege that Janis made certain defamatory statements in 2010[3] and that those statements were not protected by the "common interest" privilege. In support of his position, Wefald alleges, among other things, that Janis acted in "bad faith," thereby negating such privilege with regard to those statements. Additionally, Wefald alleges that Janis instructed a physician's assistant to file a report with Johnston Memorial Hospital and that Janis should be held liable for any defamatory comments contained in the report.

Discussion

In deciding a motion for judgment on the pleadings pursuant to Rule 12(c), courts "employ the same standard applicable to dismissals pursuant to Fed.R.Civ.P. 12(b)(6)." Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010). "Thus, we will accept all factual allegations in the complaint as true and draw all reasonable inferences in [plaintiffs'] favor. To survive a Rule 12(c) motion, [plaintiffs'] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Johnson v. Rowley, 569 F.3d 40, 43-44 (2d Cir. 2009) (per curiam) (internal citation and quotation marks omitted) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L. Ed. 2d 868, (2009)).

Previously, the standard for determining a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure was governed by Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct.

---

[3] The statute of limitations for defamation claims in North Carolina is one year. NC Gen. Stat. § 1-54(3): see also Pressley v. Continental Can Co., Inc., 39 N.C. App. 467, 250 S.E.2d 676, rev. denied, 297 N.C. 177, 254 S.E.2d 37 (1979); Price v. J.C. Penney Co., Inc., 26 N.C. App. 249, 216 S.E.2d 154, cert. denied, 288 N.C. 243, 217 S.E.2d 666 (1975). It is undisputed in this proceeding that many of the alleged defamatory comments made by Janis occurred in May 2008. Accordingly, Wefald has voluntarily dismissed with prejudice those counterclaims (10-16) which exceeded the statutory one year limit.

99, 102 (1957), which provided that "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Because the rules required only notice pleading, courts construed a plaintiff's allegations liberally. Courts were to accept the plaintiff's factual allegations as true, drawing all reasonable inferences in the plaintiff's favor. Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).

However, the Supreme Court rejected the Conley standard in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007), instead holding that a complaint must include "enough facts to state a claim to relief that is plausible on its face." The Court fleshed out this standard in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), holding first that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and second that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id.. at 1949. The allegations must be more than a "formulaic recitation of the elements" of a claim. Id. at 1951. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." 129 S.Ct. at 1949. The court will apply this standard in assessing Janis' motion.

## Common Interest Privilege

Through his counterclaims, Wefald alleges that Janis made false statements to third parties, including members of the Medical Executive Committee of Johnston Memorial Hospital, in January 2010, as well as claims of Medicaid fraud against him in June 2010. See Counterclaims 17 and 19.

While simultaneously denying those allegations, Janis has responded by asserting the common interest privilege.

In North Carolina, even when a plaintiff can establish a prima facie case for libel, a party may still be protected if the statements concerned are privileged.  See e.g. Alpar v. Weyerhaeuser Co., 20 N.C.App. 340, 346, 201 S.E.2d 503, 507 (1974).  In this case, Janis asserts that, regardless of the validity of the statements in question, the so-called common interest privilege should apply. In Market America, Inc. v. Christman-Orth, the North Carolina Court of Appeals outlined the essential elements of the privilege as follows:

> A qualified privilege will prevent liability for a defamatory statement, when the statement is made (1) on subject matter (a) in which the declarant has an interest, or (b) in reference to which the declarant has a right or duty, (2) to a person having a corresponding interest, right, or duty, (3) on a privileged occasion, and (4) in a manner and under circumstances fairly warranted by the occasion and duty, right, or interest.
>
>           *          *          *
>
> The essential elements for the qualified privilege to exist are good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion and publication in a proper manner and [to] the proper parties only.

135 N.C. App. 143, 150, 520 S.E.2d 570, 576 (1999).  The key issue in this case, with regard to the assertion of the common interest privilege, is whether or not those statements were indeed made with the requisite "good faith" for the privilege to apply.

As previously mentioned, Janis and Wefald were former co-workers and maintained what appears, for a time, to be both a professional and personal friendship.  It is undisputed that Janis made certain laudatory comments concerning Wefald in 2008 at a ground-breaking ceremony for a new building, calling Wefald, "one of the smartest doctors he had ever met," and that the "success

5

of Smithfield Heart was in large part due to Dr. Wefald's excellent clinical skills and judgment." Wefald counterclaim 7. Allegations of fraud, damage to personal property and overall hostile relations began to surface only months later, after Wefald had informed Janis that he would be leaving to start his own practice.

In his counterclaim, Wefald calls into question the "good faith" element of the common interest privilege evoked by Janis. Wefald alleged a host of incidents occurring in 2008, which were subsequently dismissed based on the one-year statute of limitations on defamation claims, in addition to the two alleged incidents in 2010 which occurred within the applicable time period. First, an incident in January 2010, wherein Janis allegedly made false statements to the Medical Executive Committee at Johnston Memorial Hospital claiming that Wefald had defaced Janis' lab coat and removed Janis' name from it. Second, an incident in June 2010, wherein Janis filed, caused to be filed, or otherwise furnished material for the filing of complaints to Medicare authorities which were false.

Wefald's pleading of those two alleged incidents, as well as the extensive history of other alleged defamatory statements, in light of the parties' previous relationship, is sufficient to raise concerns regarding the motives of Janis and thus defeat a motion for judgment on the pleadings based on the invocation of the common interest privilege.

<u>Inducement to Libel</u>

Finally, Welfald alleges that Janis should be held liable for "instructing" a physician's assistant to file a complaint with Johnston Memorial Hospital, claiming that Wefald "screamed at her and called her a liar." Wefald counterclaim 18. Janis relies on <u>Gibby v. Murphy</u>, 73 N.C. App. 128, 325 S.E2d 673 (1985), to support the validity of this claim.

In Gibby, a manager for Orkin wrote a defamatory letter concerning a former employee, which ultimately ended up in the hands of a client. That letter was delivered by an unnamed "agent" of the company and the principal was subsequently sued for libel. The case also involved statements by "defendant Orkin, by and through its agent defendant Anderson," who falsely accused Gibby of being charged with embezzlement. 73 N.C. App. at 131, 325 S.E.2d at 676.

The court does not find the Gibby case persuasive or particularly relevant to the case at bar. The issue of agency law or any form of an "inducement to libel" cause of action was not discussed or otherwise acknowledged by the court in Gibby. The agency relationship between the employee and the company was clear and not in dispute and the conduct of the employee was properly imputed to the company. In contrast, there are simply no allegations in the counterclaim that the physician's assistant was acting in the capacity of an agent for Janis. Wefald's counterclaim with regard to the report filed by the physician's assistant is insufficient to support a recognizable cause of action.

Based on the foregoing, Janis' motion for judgment on the pleadings with regard to claims based on statements made to Medicaid authorities as well as members of the Medical Executive Committee of Johnston Memorial Hospital (counterclaims 17 and 19) is **DENIED**. Janis' motion for judgment on the pleadings with regard to the claim based on the complaint filed by the physician's assistant (counterclaim 18) is **GRANTED**.

**SO ORDERED.**

**END OF DOCUMENT**