

**SO ORDERED.**

**SIGNED this 07 day of October, 2011.**

*Stephani W. Humrickhouse*
_____
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| **FRANKLIN CHARLES WEFALD,** | **10-08068-8-SWH** |
| DEBTOR | |
| | |
| **ERIC JANIS,** | ADVERSARY PROCEEDING NO. |
| Plaintiff, | **10-00266-8-SWH-AP** |
| v. | |
| **FRANKLIN CHARLES WEFALD and MILLENIA CARDIOVASCULAR, P.A.,** | |
| Defendants. | |

## MEMORANDUM OPINION REGARDING
## SUMMARY JUDGMENT ON COUNTERCLAIM

The matter before the court is the Motion for Summary Judgment filed by plaintiff Eric Janis with respect to the counterclaim filed by defendant and debtor Franklin Charles Wefald. A hearing was held in Raleigh, North Carolina, on August 11, 2011. The court granted the motion in an order entered on September 8, 2011. This memorandum opinion sets out the basis for that ruling.

<u>Jurisdiction</u>

This bankruptcy court has jurisdiction over the parties and the subject matter of this adversary proceeding pursuant to 28 U.S.C. § 1334.  The parties expressly consented  to the entry of a final order by this court at the hearing.

<u>Background</u>

Dr. Franklin Charles Wefald filed a petition for relief under chapter 11 of the Bankruptcy Code on October 3, 2010.  Dr. Eric Janis filed a claim in the bankruptcy case and also initiated this adversary proceeding on October 20, 2010, with the filing of a complaint seeking damages for alleged defamation by Dr. Wefald as well as determination of the dischargeability of Dr. Janis' claim.  Dr. Wefald filed an answer and counterclaims on December 13, 2010 (and an amended answer and counterclaims on December 14), asserting that Dr. Janis made defamatory statements about him.  Dr. Janis responded to the counterclaims by denying the defamatory statements and asserting the common interest privilege as an affirmative defense.  Dr. Janis filed this motion for summary judgment on July 15, 2011, as to the last remaining defamation allegation.[1]  Dr. Wefald responded on August 10, 2011.

<u>Discussion</u>

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).  The standard by which summary

---

[1] There were several additional allegations of defamation asserted in the amended answer and counterclaims which were either voluntarily dismissed or abandoned by Dr. Wefald, or disposed of by the entry of judgment on the pleadings in Dr. Janis' favor.

2

judgment is evaluated is if the non-moving party "has provided sufficient evidence of pretext such that her case may proceed to trial." Hux v. City of Newport News, 451 F.3d 311, 315 (4th Cir. 2006). In making this determination, conflicts are resolved by viewing all facts, and the inferences to be drawn from the facts, in the light most favorable to the non-moving party. U.S. v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962) (per curiam). Summary judgment is not a "disfavored procedural shortcut," but an important mechanism for filtering out "claims and defenses [that] have no factual basis." Celotex, 477 U.S. at 327, 106 S. Ct. at 2555.

As noted earlier, the motion for summary judgment relates to the last remaining allegation of defamation. The substance of that allegation is that Dr. Janis' lab coat was found defaced and burnt in early 2010. See Amended Answer, Defenses and Counterclaims p. 13 ¶ 19. After being informed that Dr. Wefald had participated in the act, Dr. Janis filed a complaint with the Chief Operating Officer of Johnston Memorial Hospital and copied the Chief-of-Staff. This act was reported as a violation of the Johnston Memorial Hospital Code of Conduct. Dr. Janis cooperated with the investigation committee and the matter was resolved with a finding of no responsibility on the part of Dr. Wefald. Dr. Wefald contends that the statements and allegations made by Dr. Janis regarding the lab coat were false and defamatory. Dr. Janis disagrees and invokes the common interest privilege as an affirmative defense. Dr. Wefald has countered that the privilege is not available to Dr. Janis because he was not acting in good faith.

North Carolina state law regarding defamation applies to plaintiff's allegations of libel and slander, and establishes that a plaintiff must "allege and prove that the defendant made false, defamatory statements of or concerning the plaintiff, which were published to a third person, causing injury to the plaintiff's reputation." Smith-Price v. Charter Behavioral Health Sys., 595 S.E.2d 778,

783 (N.C. Ct. App. 2004); see also Boyce & Isley, PLLC v. Cooper, 568 S.E.2d 893, 897 (N.C. Ct. App. 2002). Evaluating the facts in the light most favorable to the non-moving party, Dr. Wefald, the assumption will be that the lab coat statements made by Dr. Janis are false and a prima facie case of defamation has been shown. However, notwithstanding a proper pleading of prima facie case for defamation, Dr. Janis has asserted the affirmative defense of common interest privilege, which precludes liability for what might otherwise constitute a defamatory statement. North Carolina recognizes the defense of common interest privilege. Market America, Inc. v. Christman-Orth, 520 S.E.2d 570, 576 (N.C. Ct. App. 1999). In order for a statement to qualify under the privilege, the statement must be made:

> (1) on subject matter (a) in which the declarant has an interest, or (b) in reference to which the declarant has a right or duty, (2) to a person having a corresponding interest, right, or duty, (3) on a privileged occasion, and (4) in a manner and under circumstances fairly warranted by the occasion and duty, right, or interest.
>
> * * *
>
> The essential elements for the qualified privilege to exist are good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion and publication in a proper manner and [to] the proper parties only.

Id.

In this matter, almost all of these elements are readily established. The publication of the alleged defamation was made only to the Chief Operating Officer and Chief-of-Staff of the hospital, and then to the investigating committee. The burnt lab coat report was made as a violation of the hospital's Code of Conduct. Given that the publication was limited to this narrowly tailored group of individuals who had an interest in the matter, in a discrete and appropriate fashion, it appears that the privilege has been properly asserted and would refute the defamation claim, but for Dr. Wefald's counter-assertion that Dr. Janis' action in making the report was not taken in good faith. The parties agree that good faith is the remaining issue; however, Dr. Wefald maintains that whether Dr. Janis

4

acted in good faith in making the report is a factual issue not suitable for disposition on summary judgment. Dr. Janis contends that there is no genuine issue of fact concerning his good faith.

Since the affirmative defense is asserted and all elements shown but good faith, Dr. Wefald bears the burden of proving either excessive publication or actual malice to rebut a presumption of good faith. English Boiler & Tube, Inc. v. W.C. Rouse & Son, Inc., 172 F.3d 862 (4th Cir. 1999); Market America, Inc., 520 S.E.2d at 576. Dr. Wefald has attempted to show that Dr. Janis has been antagonistic towards Dr. Wefald, has engaged in a "scorched-earth"campaign against him and his reputation, and thus had bad intent against him. Yet, Dr. Wefald did not allege, has not shown, and did not forecast evidence that Dr. Janis had actual knowledge that his allegations were false when the report was filed. Intent and motives are not the measure of actual malice; knowledge is. Hustler Magazine, Inc. v. Falwell, 485 U.S. 46, 53, 108 S. Ct. 880 (1988); Varner v. Bryan, 440 S.E.2d 295, 300 (N.C. Ct. App.1994).

Dr. Janis' publication of the incident report was made only to the Chief Operating Officer and Chief-of-Staff. All further comments were directed to the investigation committee upon the committee's request. This qualifies as both narrow publication and a proper occasion of publication under the common interest privilege. Dr. Janis, the hospital administration, and the investigation committee all had a common interest in the orderly operation of Johnston Memorial Hospital and the enforcement of the hospital's Code of Conduct. The top administration officers and investigation committee also constitute the proper parties for publication of this particular report. The presumption of good faith that arises after these elements have been shown has not been rebutted by Dr. Wefald. Not only has Dr. Wefald failed to forecast evidence that Dr. Janis knew this report to be false, he failed to even allege Dr. Janis knew the lab coat report was false. Even viewing

the facts in the light most favorable to Dr. Wefald, the statements are protected by North Carolina's "common interest" privilege, and there is no genuine issue regarding Dr. Janis' good faith, as that term is defined under the common interest privilege.

For the foregoing reasons, Dr. Janis' motion for summary judgment on the defamation claim asserted in Dr. Wefald's counterclaim was **GRANTED**.

**SO ORDERED.**

**END OF DOCUMENT**