

**SO ORDERED.**

**SIGNED this 12 day of October, 2011.**

*Stephani W. Humrickhouse*
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| FRANKLIN CHARLES WEFALD | 10-08068-8-SWH |
| DEBTOR | |
| ERIC JANIS | |
|     Plaintiff | ADVERSARY PROCEEDING NO. |
|     v. | 10-00266-8-SWH-AP |
| FRANKLIN CHARLES WEFALD and MILLENNIA CARDIOVASCULAR, P.A.. | |
|     Defendants. | |

**MEMORANDUM OPINION REGARDING MOTION FOR SUMMARY JUDGMENT**

The matter before the court in this adversary proceeding is the motion of the defendant Millennia Cardiovascular, P.A. ("Millennia") for summary judgment on plaintiff Eric Janis' ("Janis") complaint. Hearings took place in Raleigh, North Carolina, on August 11 and 15, 2011.

In an order entered September 8, 2011, the court granted the motion for summary judgment in favor of Millennia. This memorandum opinion sets out the basis for that ruling.

## Jurisdiction

The bankruptcy court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. Additionally, all parties expressly consented on the record to the entry of a final judgment by this court.

## Background

Dr. Franklin Charles Wefald ("Wefald") filed a petition for relief under chapter 11 of the Bankruptcy Code on October 3, 2010. Janis filed a claim in the bankruptcy case and also, on October 20, 2010, initiated an adversary proceeding against Wefald and Millennia, which is a business of which Wefald is an employee, seeking to recover damages for defamation and a determination that Janis' claim is not dischargeable. Millennia filed an answer and various counterclaims on December 13, 2010, to which Janis filed a reply on January 3, 2011.

Millennia filed the present motion for summary judgment on June 17, 2011, asserting that there are no genuine issues of material fact concerning its alleged liability to Janis for defamation and that it should be granted judgment as a matter of law. More specifically, Millennia states that there is no evidence that any of the statements at issue were made within the scope of Wefald's duties and responsibilities as an employee and as the sole owner of Millennia. In fact, Millennia states, Wefald's alleged actions were outside the scope and course of Wefald's duties as an

2

employee of Millennia, and with respect to those actions, he had no apparent authority to act on behalf of Millennia.

Plaintiff maintains that evidence exists to find that Wefald had apparent authority to act on behalf of Millennia and thus summary judgment is inappropriate.

## Discussion

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In making this determination, conflicts are resolved by viewing all facts and inferences to be drawn from the facts in the light most favorable to the non-moving party. U.S. v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962) (per curiam). Summary judgment is not a "disfavored procedural shortcut," but an important mechanism for filtering out "claims and defenses [that] have no factual basis." Celotex, 477 U.S. at 327, 106 S. Ct. at 2555. "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Id. at 323, 106 S. Ct. at 2552.

The court will first assess the sufficiency of the pleadings under the standard set out in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007), and later fleshed out in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). In Twombly, the court held that a complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974. The Court fleshed out this standard in Iqbal establishing first that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable

to legal conclusions," and second that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S. Ct. at 1950. The allegations must be more than a "formulaic recitation of the elements" of a claim. Id. at 1951. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

In this adversary proceeding, the only allegation in the complaint referencing Millennia is that "[Wefald] was acting within the scope and course of his duties and responsibilities as an employee and owner of Defendant Millennia Cardiovascular, P.A." when defamatory statements were made by Wefald in (1) a draft letter dated November 1, 2009; (2) a letter dated January 6, 2010; and (3) a radio broadcast on November 25, 2009. Compl. ¶ 6. There are no allegations in the complaint connecting Millennia to the specific defamatory statements. Although there is a basis for dismissal of the complaint for insufficiency of pleading, the court will proceed to the merits of the issue for the purposes of summary judgment.

At the hearing, Plaintiff conceded that Millennia had no involvement in the two letters and that his defamation claims against Millennia are based solely on the radio show. Thus, the court must determine whether Janis can show that the alleged defamatory statements by Wefald on the radio show can be properly attributed to Millennia. This issue, in turn, depends upon the existence of either an agency relationship or apparent authority.

"An agent is one who, with another's authority, undertakes the transaction of some business or the management of some affairs on behalf of such other, and to render an account of it." Phelps-Dickson Builders, L.L.C. v. Amerimann Partners, 172 N.C. App. 427, 435, 617 S.E.2d 664, 669 (2005). "There are two essential ingredients in the principal-agent relationship: (1) authority, either

4

express or implied, of the agent to act for the principal, and (2) the principal's control over the agent." Id. Assuming an agency relationship, "liability of a principal for the torts of his agent may arise in three situations: (1) when the agent's act is expressly authorized by the principal; (2) when the agent's act is committed within the scope of his employment and in furtherance of the principal's business; or (3) when the agent's act is ratified by the principal." Mercier v. Daniels, 139 N.C. App. 588, 591, 533 S.E.2d 877, 880 (2000) (citing Hogan v. Forsyth Country Club Co., 79 N.C. App. 483, 491, 340 S.E.2d 116, 121 (1986)).

Additionally, the doctrine of apparent authority allows a principal to be held liable for acts of its agent. Liability may exist whether or not the agent, in the agency relationship, possessed actual authority for certain acts. Phelps-Dickson, 172 N.C. App. at 435, 617 S.E.2d at 669. "This doctrine holds 'a principal who *represents to a third party* that another is his agent is liable for harm caused the third party by the apparent agent if the third party justifiably relied on the principal's representation.'" Sweatt v. Wong, 145 N.C. App. 33, 41, 549 S.E.2d 222, 227 (2001) (internal citations omitted) (emphasis added). "Whether or not the agent is acting within the apparent scope of his authority must be determined by what the principal has done, not by the unratified acts and declarations of the agent." Zimmerman v. Hogg & Allen, P.A., 286 N.C. 24, 31, 209 S.E.2d 795, 799 (1974). "If the facts and circumstances of the particular case reveal that an ordinarily prudent man would have been put on notice that one with whom he was dealing was not acting within the apparent scope of his authority, the principal is not bound under well-settled principles of agency law." Id.

Plaintiff argues that alleged defamatory statements made by Wefald on the radio show called "Heart to Heart," which aired in Smithfield, North Carolina, on November 25, 2009, are attributable

to Millennia on two bases: (1) there was an agency relationship between Wefald and Millennia and Wefald acted within the scope of that relationship; and/or (2) the doctrine of apparent authority, i.e. Wefald had apparent authority to act on behalf of Millennia on the radio show.  Janis contends that the agency relationship and apparent authority are supported by the following: (1) the final comments made by the radio announcer connecting Wefald to Millennia; (2) a letter from the radio announcer to Wefald and Janis stating, "I am uncomfortable in a paid radio broadcast that I am moderating for *Millennia Cardiovascular*;" and (3) a magazine article about Millennia which included a picture showing Wefald on the "Heart to Heart" radio show.   Plaintiff's Opposition to Summary Judgment, Exhibits A-B.

There is no dispute that Wefald had authority to act on behalf of Millennia in an agency capacity.  But, there are also no facts indicating that Wefald's actions were expressly authorized by Millennia, nor are there facts indicating that Millennia ratified Wefald's actions.  Mercier, 139 N.C. App. at 591, 533 S.E.2d at 880.  The question is whether the specific defamatory statements made on the radio show were within the scope of his employment with Millennia and in furtherance of its business *or* made with apparent authority.

Plaintiff fails to demonstrate that Wefald acted within the scope and course of his employment at Millennia during the radio show broadcast.  Aside from the mere conclusory assertion that Wefald was so acting, plaintiff has presented no evidence to bring into dispute a material fact.  Plaintiff simply asserts that Wefald must be within his employment if he is the owner of Millennia.  There is no evidence that these alleged defamatory statements are related to the work that Wefald is employed to do for Millennia.  In fact, the evidence that has been presented indicates the statements were motivated by a personal purpose and not by a purpose to further Millennia's

business. Further, Wefald paid for the radio show through a personal draw from Millennia, not a business draw. At no point during the radio show did Wefald appear to be promoting Millennia. The facts as alleged cannot establish that Wefald was within the scope of his employment at Millennia when the alleged statements were made.

Plaintiff next relies on the agency principle of apparent authority. Again, plaintiff fails to present evidence of apparent authority. There are no facts establishing that Millennia, the principal, manifested through its own actions that Wefald's participation on the radio show was within Wefald's apparent authority. Plaintiff relies only on the final comments by the radio announcer connecting Wefald to Millennia, and the announcer's letter addressed to Millennia. Additionally, plaintiff relies on the magazine picture. All of these facts represent actions *by a third party* connecting Wefald to Millennia. There are no facts showing that Millennia held out Wefald as its agent possessing apparent authority on the radio show. Thus, a third party would not be justified in believing that the radio show was within Wefald's agency authority. Acts on the part of radio show personnel, or the magazine picture, do not establish actions by Millennia supporting apparent authority.

The court notes that in many instances, the establishment of apparent authority relates to what constitutes the ordinary course of business for the principal. See Zimmerman, 286 N.C. at 32, 209 S.E.2d at 800 (recognizing the principle that apparent authority of a corporation's president is largely dependent on the corporation's ordinary course of business, and subsequently applying this principle to its own facts to determine "whether the receipt of funds for investment purposes falls within the scope of the practice of law, and therefore within the scope of apparent authority"). Millennia is a medical practice. Plaintiff did not allege in the complaint and presented no evidence

7

to establish that Wefald's participation on a radio show was within Millennia's ordinary course of business. There are no facts to establish Wefald had apparent authority.

Because plaintiff has not shown how Wefald's statements could have been made within the scope of Wefald's employment or pursuant to apparent authority, there is no basis for attributing Wefald's statements to Millennia and summary judgment on behalf of Millennia is warranted. For those reasons, the motion for summary judgment was granted.

**SO ORDERED.**

**END OF DOCUMENT**